```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**ASSEFA GABREL EGZIABHER, JR.**                                    **PLAINTIFF**

**v.**                  **Civil No. 5:10-cv-5259**

**CHARLES M. DUELL ET AL.**                                         **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Washington County Jail in Fayetteville, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 2). Plaintiff's Motion to Proceed IFP was granted on December 28, 2010. (Doc. 3).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

### I.   BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint. (Doc. 1). Plaintiff states he is suing Charles Duell and Brian Lamb, both deputy prosecutors in the Washington County Prosecutor's Office; as well as Robert Parks, a deputy Public Defender for Washington County.[1]  (Id. at ¶ IV.) Plaintiff states he was

---

[1] Plaintiff also states in the section of the form asking if the Plaintiff has filed any grievances, Section III, that his complaint is against "the prosecution," listing the names of Duell and Lamb, and "the Fayetteville PD for false arrest (and DTF) and malicious prosecution." (Doc. 1, ¶ III C.) However, Plaintiff neither identified the Fayetteville PD and/or DTF or any individual from those organizations in the section of the form asking him to

arrested on February 24, 2010 for "things that were at someone elses [sic] house when I wasn't there a week later with nothing illegal on me." (Id.)  Plaintiff further alleges that Defendant Duell has falsely imprisoned him and that Robert Parks has collaborated with Duell. (Id.) Finally, Plaintiff states that on December 16, 2010, Defendant Lamb filed charges against him "knowing there's no evidence" and Plaintiff accuses Lamb of malicious prosecution.  (Id.)

Plaintiff asks for the Court to investigate his claims and to "serve the said defendants for their crimes violating [his] civil liberties," as well as provide compensation for the pain and suffering of five months false imprisonment. (Doc. 1 at ¶ VIII.)

**II.   APPLICABLE LAW**

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting

---

name each defendant, nor did Plaintiff make any factual claim against the Fayetteville PD and/or DTF in his Statement of Facts.

to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution.  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D. Minn. 1997).  Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

### III.     DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff has named  as defendants individuals who are immune from suit or who are not state actors.

#### A.    Defendants Duell and Lamb

Defendants Duell and Lamb are prosecuting attorneys in Plaintiff's

-3-

state criminal case.  The United States Supreme Court, in <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  <u>Id.</u> at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." <u>Id.</u> at 430.  <u>See also</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding.  Therefore, it is clear the defendant prosecuting attorney is entitled to absolute immunity in this case.  <u>See</u>, <u>e.g.</u>, <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261 (8th Cir. 1996), <u>cert. denied</u>, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case.  While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, <u>see</u> <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff does not allege such facts in this case.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  <u>Id.</u> at 542 & n.22; <u>see also</u> <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331, 1336 (8th Cir. 1975).  Clearly, Plaintiff has adequate remedies available to him through the state courts.

### B.   Defendant Parks

Defendant Parks is a public defender.  As a public defender, Defendant Parks is not considered a "state actor" for purposes of Section 1983 litigation. "Only state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017(2002). It is well settled that public defenders are not considered to be state actors for Section 1983 purposes. Polk County v. Dodson, 454 U.S. 312, 318 (1981). See also Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations").

### C.   Claims of Malicious Prosecution and False Imprisonment

Even if Plaintiff's Complaint could be construed to state claims of malicious prosecution and false imprisonment against the Fayetteville Police Department and the Drug Task Force, see n. 1, supra, such claims would fail to state a claim under Section 1983.

The Eighth Circuit has held that "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." King v. Beavers, 148 F.3d 1031, 1034 (8th Cir. 1998), cert. denied, 525 U.S. 1002 (1998) (quoting Baker v. McCollan, 443 U.S. 137, 145 (1979)) (internal quotation marks omitted).

Likewise, Plaintiff's complaint seeks to bring a claim against the Defendants pursuant to 42 U.S.C. § 1983 for malicious prosecution. However, "section 1983 is not itself a source of substantive rights." Albright v. Oliver, 510 U.S. 266, 271 (1994)(internal quotations omitted). Much like the scenario in Albright, Plaintiff's claim here is

one of infringement of substantive due process rights to be free of prosecution without probable cause. Courts in this district have refrained from invoking section 1983 in cases with similar facts because Arkansas, like Illinois in the Albright decision, provides a tort remedy for malicious prosecution. See Osborne v. Howard, 844 F. Supp. 511 (W.D. Ark. Feb. 23, 1994), citing Miles v.. Southern, 760 S.W.2d 868 (1998) (setting forth the elements of a common-law claim of malicious prosecution). "The general rule is that an action for malicious prosecution does not state a claim of constitutional injury." Technical Ordnance, Inc. v. United States, 244 F.3d 641 (8th Cir. 2001), citing Pace v. City of Des Moines, 201 F.3d 1050, 1055 (8th Cir. 2000). Plaintiff's claims should be, therefore, dismissed without prejudice to his right to pursue these claims in state court pursuant to state common-law principles of malicious prosecution.

### IV.   CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (Doc. 1) be **DISMISSED** as it fails to state a claim under Section 1983, names defendants who are immune from suit, and names defendants who are not state actors.

I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that**

-7-

objections must be both timely and specific to trigger de novo review by the district court.

DATED this 29th day of December 2010.

                                              /s/ ERIN L.  SETSER
                                              HON.  ERIN L.  SETSER
                                              U.S.  MAGISTRATE JUDGE